FILED
CLERK, U.S. DISTRICT COURT

JUNE 15 2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr_____ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RONNIE CHISM, <br><br> Defendant. | Case No. CV 17-4308 FMO (SSx) <br><br> ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

On June 9, 2017, Defendant Ronnie Chism, having been sued in a routine unlawful detainer action in California state court, filed a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's Notice Of Removal asserts that federal question jurisdiction exists because "Defendant's Demurrer, a pleading depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice Of Removal at 2). These allegations are inadequate to confer federal question jurisdiction. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction.").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: June 15, 2017

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE